UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATAN DVIR, <br><br> Plaintiff, <br><br> - against - <br><br> BARSTOOL SPORTS, INC. <br><br> Defendant. | Docket No. 1:19-cv-10465 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Natan Dvir ("Dvir" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Barstool Sports, Inc. ("Barstool Sports" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Emma Coronel Aispuro, the wife of El Chapo, leaving court after a court proceeding, owned and registered by Dvir, a New York based professional photographer. Accordingly, Dvir seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant reside and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Dvir is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 106 Norfolk Street, Apt 18, New York, New York 10002.

6. Upon information and belief, Barstool Sports is a foreign business corporation duly organized and existing under the laws of the state of Delaware with a place of business at 15 West 27th Street, New York, New York 10001. Upon information and belief, Barstool Sports is registered with the New York State Department of Corporations to do business in New York. At all times material, hereto, Barstool Sports has owned and operated a website at the URL: www.BarstoolSports.com (the "Website").

## STATEMENT OF FACTS

A. **Background and Plaintiff's Ownership of the Photograph**

7. Dvir photographed Emma Coronel Aispuro, the wife of El Chapo, leaving court after a court proceeding (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Dvir then licensed the Photograph to the New York Post. On October 20, 2018, the New York Post ran an article that featured the Photograph on its web edition entitled *El Chapo's wife is flaunting her wealth while he's on trial*. See: https://nypost.com/2018/10/20/el-chapos-wife-is-flaunting-her-wealth-while-hes-on-trial/. Dvir's name was featured in a gutter

credit identifying him as the photographer of the Photograph. A true and correct copy of the Photograph in the article is attached hereto as Exhibit B.

9. Dvir is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with the United States Copyright Office and was given registration number VA 2-127-173.

### B. Defendant's Infringing Activities

11. On December 11, 2018, Barstool Sports ran an article on the Website entitled *El Chapo's Wife Says She Had No Idea He Was A Criminal And Never Saw Him Do Anything Illegal*. See: https://www.barstoolsports.com/iowa/el-chapos-wife-says-she-had-no-idea-he-was-a-criminal-and-never-saw-him-do-anything-illegal. The article featured the Photograph. A true and correct copy of the article and a screenshot of the Photograph on the article are attached hereto as Exhibit C.

12. Barstool Sports did not license the Photograph from Plaintiff for its article, nor did Barstool Sports have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST BARSTOOL SPORTS)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Barstool Sports infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Barstool Sports is not, and has never

been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Barstool Sports have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST BARSTOOL SPORTS
## (17 U.S.C. § 1202)

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21. Upon information and belief, in its article on the Website, Barstool Sports copied the Photograph from the New York Post which contained a gutter credit underneath the

Photograph stating "Natan Dvir" and intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

22.  The conduct of Barstool Sports violates 17 U.S.C. § 1202(b).

23.  Upon information and belief, Barstool Sports falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

24.  Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Barstool Sports intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Barstool Sports also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

25.  As a result of the wrongful conduct of Barstool Sports as alleged herein, Plaintiff is entitled to recover from Barstool Sports the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Barstool Sports because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

26.  Alternatively, Plaintiff may elect to recover from Barstool Sports statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.  That Defendant Barstool Sports be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Barstool Sports be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

8. That Plaintiff be awarded pre-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
November 11, 2019

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Natan Dvir*